■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JORGE PEREZ, Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 24, 1984, which dismissed the indictment on the ground of the insufficiency of evidence before the Grand Jury, reversed, on the law, the indictment reinstated, and the matter remanded for trial.

By indictment filed February 9, 1984, the defendant was charged with criminal possession of a weapon in the third degree. Police officers testified before the Grand Jury that they had arrested the defendant in the lobby of an apartment building while he was in possession of a loaded pistol. There was no evidence before the Grand Jury concerning whether the defendant lived in that building. The court dismissed the indictment stating "[t]he minutes are unclear as to whether evidence of the defendant's home address was presented to the Grand Jury and that Criminal Possession of a Weapon in the Fourth Degree is not a lesser included offense of the crime charged (see CPL § 210.30 (1); *People v. Ali*, 36 N.Y.2d [880])."

CPL 210.20 (1) (b) provides that a court may dismiss an indictment upon the ground that "[t]he evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense". Lesser included offense is defined in CPL 1.20 (37) as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.' " Penal Law § 265.02 (4) defines criminal possession of a weapon in the third degree, a felony, as occurring when a person "possesses any loaded firearm. Such possession shall not, except as provided in subdivision one, constitute a violation of this section if such possession takes place in such person's home or place of

business." Criminal possession of a weapon in the fourth degree, a misdemeanor, is defined as occurring when a person "possesses any firearm". (Penal Law § 265.01 [1].) Since it is impossible to possess a loaded firearm without concomitantly possessing a firearm, criminal possession of a weapon in the fourth degree is clearly a lesser included offense of criminal possession of a weapon in the third degree.

*People v Ali* (36 NY2d 880, *supra* [1975]), cited by Criminal Term, does not require a different result. That case concerned a conviction after trial, not an examination of the sufficiency of Grand Jury minutes. The court there noted that possession of an unloaded gun constitutes a misdemeanor, but observed that "[n]o contention is made here that the gun was not loaded." (36 NY2d, *supra,* at 882, n 2.) It is therefore clear that the Court of Appeals dealt only with the "home or place of business" exception contained in Penal Law § 265.02 (4). Concur—Murphy, P. J., Sandler, Asch, Milonas and Rosenberger, JJ.