■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN LATORA, ROBERT LATORA and VINCENT LATORA, Respondents.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bonomo, J.), dated August 4, 1983, as granted those branches of the defendants' respective motions pursuant to CPL 330.30 which were to set aside so much of the jury verdicts as convicted them of burglary in the first degree, on the ground that the trial evidence was legally insufficient, and dismissed the second count of the indictment charging each of them with burglary in the first degree.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion in the interest of justice, the second count of the indictment is reinstated, and those branches of the defendants' respective motions which were to set aside the verdict convicting them of burglary in the first degree are granted only to the extent of reducing the convictions of burglary in the first degree to burglary in the second degree, and the matters are remitted to the Supreme Court, Kings County, for the imposition of sentences on that count.

To obtain a conviction of burglary in the first degree (Penal Law § 140.30 [2]), the People were required to prove that the complainant suffered a "physical injury", which is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). In the case at bar, the complainant testified that his head was forcefully pushed against a wall 2 or 3 times, and that as a result he sustained "a cut on [his] left

eye, upper eye" and became "dizzy". Two other witnesses testified that they observed the complainant bleeding from the wound. Immediately after the attack the complainant summoned the police by using an outdoor public telephone located some distance from the apartment in which the incident occurred. The complainant did not seek medical attention nor was there evidence that the result of this cut was visible at the time of trial *(cf., People v Rojas,* 61 NY2d 726). As the trial court determined, the evidence was legally insufficient to support the finding of the jury that the complainant sustained a physical injury *(see, People v Jimenez,* 55 NY2d 895; *Matter of Philip A.,* 49 NY2d 198; *People v McDowell,* 28 NY2d 373; *People v Francis,* 112 AD2d 167). However, we determine that it was an improvident exercise of discretion for the trial court to have dismissed the burglary count rather than considering whether the conviction of burglary in the first degree should be reduced to burglary in the second degree.

Where the trial evidence is not legally sufficient to establish a defendant's guilt of an offense of which he was convicted, but is legally sufficient to establish his guilt of a lesser included offense, a court may modify the verdict by changing it to one of conviction for a lesser offense *(see,* CPL 330.30 [1]; 470.15 [2] [a]). In the case at bar, the trial record discloses legally sufficient evidence to establish the defendants' guilt of burglary in the second degree (Penal Law § 140.25 [2]), which was a lesser included offense of burglary in the first degree *(see, People v Glover,* 57 NY2d 61). Therefore, rather than setting aside so much of the verdicts as convicted the defendants of burglary in the first degree under the second count, the trial court should have modified those convictions to burglary in the second degree. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.