OPINION OF THE COURT
Richard J. Goldman, J.
"A lie is a lie, no matter what its subject” (People v Savvides, 1 NY2d 554, 557), but is it enough to warrant dismissal of an indictment?
Defendant requests permission to (reargue and) renew his prior motion to dismiss the indictment on the ground of insufficient evidence as stated in his original application and on the ground that the Grand Jury proceeding was defective within the meaning of CPL 210.20 (1) (c), as defined by CPL 210.35 (5).
Defendant was indicted for the crimes of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal trespass in the first degree (Penal Law § 140.17 [2]).
An earlier motion to inspect the Grand Jury minutes and dismiss the indictment on the ground of insufficiency of the evidence was denied (Coffinas, J., Apr. 9, 1985). Trial on this case was scheduled to commence on January 6, 1987. On January 5, 1987, however, defense counsel returned a telephone call from the District Attorney. During that conversation, the District Attorney informed defense counsel that the test to determine the operability of the gun was conducted with a test cartridge and not with the single cartridge of ammunition recovered with the gun.
The fact that the ammunition seized from the defendant had never been tested was not revealed to the Grand Jury. In actuality, the ballistics report (dated Aug. 20, 1984) which stated "gun and ammo operable” was admitted into evidence. The direct implication being that the ammunition (recovered with the gun) was, in fact, tested and found to be live. Therefore, defendant contends that the ballistics report pre *527 sented to the Grand Jury was false (Le., a lie), and moves to renew his prior motion.
A motion affecting a prior order should be made only to the Judge or Justice who issued the order unless he or she is unable to hear it (Spahn v Griffith, 101 AD2d 1011; CPLR 2221). Therefore, the court contacted the prior Justice in this case. He referred the matter back to me stating that the motion should be heard before this court since the recent issues arose here and because the case is in the IAS Part assigned to this court. Thus, the previous Justice is unavailable to hear the instant motion.
A motion to renew may be based on a material fact which existed at the time the original application was filed but which, for some reason, was unknown to the moving party (Caffee v Arnold, 104 AD2d 352; cf., Patterson v Town of Hempstead, 104 AD2d 975).
The January 5, 1987 telephone call from the District Attorney informing defense counsel that the ammunition had not been tested until after the defendant was indicted, contrary to the ballistics report, constitutes a material new fact (Metropolitan Marking Corp. v Basso, 118 AD2d 835; Patterson v Town of Hempstead, 104 AD2d 975, supra). Thus, the motion to renew is granted.
Notwithstanding CPL 255.20 (1), the motion is timely. Subdivision (3) of CPL 255.20 states that the court "must entertain and decide on its merits, at anytime before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one of this section or included within the single set of motion papers as required by subdivision two.” The first opportunity defendant had to question the propriety of the Grand Jury proceeding on these facts was upon speaking with the District Attorney on the eve of trial. Moreover, defendant had every right to rely on the test results as stated in the ballistics report.
The court finds that the instant ground could not have been previously raised with due diligence (People v Longwood, 116 AD2d 590; People v De Ruggiero, 96 Misc 2d 458; CPL 255.20 [3]). The court will entertain this application on the merits.
INSUFFICIENCY OF THE GRAND JURY EVIDENCE
Defendant alleges that the evidence before the Grand Jury *528 was legally insufficient to sustain the crimes charged. Legally sufficient evidence means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission of it (CPL 70.10 [1]; People v Haney, 30 NY2d 328, 335-336).
An element of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal trespass in the first degree (Penal Law § 140.17 [2]) is that the ammunition recovered with the firearm be live (People v Shaffer, 66 NY2d 663;[1] People v Daniels, 77 AD2d 745; People v Thomas, 70 AD2d 570; People v Simmons, 55 AD2d 879, affd 43 NY2d 806; cf., People v Little, 88 AD2d 671; People v Cotarelo, 129 AD2d 725). Since the ammunition here was not tested until after the defendant was indicted,[2] the evidence presented to the Grand Jury was legally insufficient to establish a prima facie case of criminal possession of a weapon in the third degree and criminal trespass in the first degree (People v Fraser, 126 AD2d 740; People v DeWitt, 130 AD2d 504; People v Warner-Lambert Co., 51 NY2d 295; People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573).
Despite the legal insufficiency of the evidence to support the counts charged, the court cannot dismiss the indictment if the evidence is sufficient to support any lesser included offenses of those counts (People v Leichtweis, 59 AD2d 383; People v Maier, 72 AD2d 754; CPL 210.20 [1] [b]).[3] Thus, if criminal possession of a weapon in the fourth degree and criminal *529 trespass in the third degree are lesser included offenses of the crimes charged, the indictment must stand.
What constitutes a lesser included offense is determined by application of the test in People v Glover (57 NY2d 61) and People v Green (56 NY2d 427). In People v Glover (supra, at 64), the court stated that the first prong of a two-prong test[4] is whether it is "theoretically impossible to commit the greater crime without at the same time committing the lesser * * * and is determined by a comparative examination of the statutes defining the two crimes, in the abstract” (emphasis supplied; see also, CPL 1.20 [37]). This test is not met when "the lesser crime requires demonstration of an element or fact not required by the greater” (People v Green, 56 NY2d 427, 431, supra).
The elements of criminal trespass in the first and third degrees are identical except that the greater also requires that the defendant possess a firearm and live ammunition while committing the trespassory offense. Hence, applying the Glover (supra) impossibility test, this court finds that criminal trespass in the third degree is a lesser included offense of criminal trespass in the first degree and that there is sufficient evidence to support the lesser included offense.
The court will now address the more difficult issue of whether criminal possession of a weapon in the fourth degree is a lesser included offense of criminal possession of a weapon in the third degree. Criminal possession of a weapon in the third degree requires proof that possession of the firearm occurred outside defendant’s home or place of business. Criminal possession of a weapon in the fourth degree, at least according to the wording of the statute, simply requires proof of possession.
In People v Perez (128 AD2d 410), the Appellate Division, First Department, held that criminal possession of a weapon in the fourth degree is a lesser included offense of criminal possession of a weapon in the third degree. The court distinguished the contrary holding in People v Ali (36 NY2d 880) on the basis that Ali was strictly concerned with "the 'home or place of business’ exception contained in Penal Law § 265.02 (4)” (128 AD2d, at 411). Thus, in applying the impossibility test, the Appellate Division ignored the (home or place of *530 business) exception. This is apparent from the court’s statement that "it is impossible to possess a loaded firearm without concomitantly possessing a firearm” (People v Perez, 128 AD2d, at 411, supra). The statement also reveals that the Appellate Division relied on the facts instead of examining the two statutes in the abstract when applying the impossibility test.
This court is bound by the decision in People v Perez (supra) absent contrary, higher authority. The case of People v Rodriguez (68 NY2d 674) provides such authority since it was not mentioned or discussed in deciding People v Perez (supra).[5] 6
In People v Rodriguez (68 NY2d 674, supra), the court reversed defendant’s conviction for criminal possession of a weapon in the third degree and dismissed the indictment on the basis of Justice Lazer’s dissent (113 AD2d 337, 343-348), which stated (at 348) that "inasmuch as defendant was not charged with criminal possession of a firearm in the fourth degree * * * and that crime is not a lesser included offense of the crime charged (People v Ali, 36 NY2d 880 * * *), the indictment should be dismissed.” In reaching its decision, and consistent with its earlier holding in People v Ali (supra), the court found that the (home or place of business) exception contained in Penal Law § 265.02 (4) was an element of criminal possession of a weapon in the third degree.[6] Further, the language employed by the court indicates that it also considers the place of possession (i.e., at home or at work) to be an element of criminal possession of a weapon in the fourth degree, notwithstanding the fact that this language does not appear in the statute.[7] Thus, criminal possession of a weapon in the fourth degree occurs when a person possesses a firearm in his home or place of business.
Given that the place of possession is an element of both criminal possession of a weapon in the third and fourth *531 degrees, the court, in People v Rodriguez (68 NY2d 674, supra), concluded that criminal possession of a weapon in the fourth degree cannot be a lesser included offense because "on no reasonable interpretation of the statute can one say, to paraphrase the statutory definition of lesser included offense, that it was impossible, by the same conduct, to have had possession outside the home of place of business without concomitantly having had possession in the home or place of business” (People v Ali, 36 NY2d 880, 882, supra). More simply stated, the defendant cannot simultaneously, by the same conduct, possess a gun both outside and inside his home or place of business. Since the lesser crime requires demonstration of an element (possession in the home or place of business) not required by the greater, the impossibility test has not been met (People v Green, 56 NY2d 427, supra).[8]
The court’s statement in Matter of Johnson v Morgenthau (69 NY2d 148, 152) that "criminal possession of a weapon in the fourth degree * * * [is] a lesser included offense of criminal possession of a weapon in the third degree, and constitutes the same crime for double jeopardy purposes” (emphasis supplied), does not contradict the holding of People v Rodriguez (68 NY2d 674, supra). Constitutional mandates dictate the rules governing double jeopardy issues and what constitutes a lesser included offense for that purpose. Those rules differ from the statutory definitions in the Criminal Procedure Law and are not applicable to the instant case.[9]
In light of the foregoing, the court finds that criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) is not a lesser included offense of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]; People v Horn, NYLJ, Mar. 19, 1987, at 14, col 4). Therefore, the evidence is insufficient to sustain the count of criminal possession of a weapon in the third degree.
*532 DEFECTIVE GRAND JURY PROCEEDING
The defendant also seeks dismissal of the indictment on the ground that introduction of the false ballistics report rendered the Grand Jury proceeding defective.
In People v Pelchat (62 NY2d 97), the court reversed the conviction and dismissed the indictment because the only evidence before the Grand Jury connecting the defendant to criminal activity was false. The false testimony was the result of a witness misunderstanding a question posed by the District Attorney. The District Attorney was unaware of this confusion and did not learn about the resulting false testimony until after the defendant was indicted.
In contrast, in People v Goetz (68 NY2d 96), the court reversed and reinstated counts of the indictment stating that the Criminal Term Justice’s speculation about the falsity of the witness’ Grand Jury testimony was dubious, and that "unlike Pelchat [supra], the testimony of Canty and Ramseur was not the only evidence before the Grand Jury * * * Goetz’s own statement, together with the testimony of the passengers, clearly supports the elements of the crimes charged” (at 117; emphasis supplied).
Here, unlike Pelchat (62 NY2d 97, supra), there is sufficient evidence to sustain a lesser included offense, even though redaction of the false testimony renders the evidence insufficient to sustain the greater charge. Unlike Goetz (supra), the falsity of the Grand Jury evidence is established and it is the only evidence pertaining to an element of the greater crime charged. Thus, neither Goetz (supra) nor Pelchat (supra) is determinative of this case.
Various Federal courts and courts of other States have addressed the question of the effect of perjured testimony on a Grand Jury indictment. Notwithstanding their reluctance to interfere with the Grand Jury’s independence (Costello v United States, 350 US 359, 362; People v Pelchat, 62 NY2d 97, 104-105, supra), courts will not hesitate to exercise their power to dismiss indictments in cases where the Grand Jury has been manipulated (and its integrity impaired) by the prosecutor’s knowing presentation of false evidence or willful deception (United States v Samango, 607 F2d 877 [9th Cir]; United States v Kennedy, 564 F2d 1329 [9th Cir], cert denied sub nom. Myers v United States, 435 US 944; United States v McKenzie, 524 F Supp 186 [ED La]; cf., United States v Sanfilippo, 564 F2d 176 [5th Cir]). Some courts have also held *533 that dismissal is appropriate if the prosecutor or other government agent negligently presents perjured testimony to the Grand Jury (United States v Hogan, 712 F2d 757 [2d Cir]; United States v Provenzano, 440 F Supp 561 [SD NY]; Commonwealth v Mayfield, 398 Mass 615, 500 NE2d 774, 778).
In the instant case, there is nothing in the papers submitted to the court indicating that the District Attorney knowingly presented the false ballistics report to the Grand Jury.[10] Therefore, the court must determine: (1) whether to dismiss an indictment based partially on false evidence, the falsity of which was unbeknownst to the District Attorney at the time of its presentation, and (2) whether the false evidence was material since the remaining competent evidence was sufficient to support a lesser included offense.
At the helm of these issues is United States v Basurto (497 F2d 781, 785-786), where the United States Court of Appeals, 9th Circuit, held that: "the Due Process Clause of the Fifth Amendment is violated when a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached. Whenever the prosecutor learns of any perjury committed before the grand jury, he is under a duty to immediately inform the court and opposing counsel — and, if the perjury may be material, also the grand jury — in order that the appropriate action may be taken” (emphasis supplied).
In Basurto (supra), a government witness informed the prosecutor, just prior to trial, that his Grand Jury testimony was perjured. Specifically, his accusations regarding defendant’s criminal activities prior to May 1, 1971, were untrue. That date was significant because it coincided with the enactment of a new Federal narcotics statute. Those convicted under the old statute received mandatory five-year minimum sentences, whereas the new statute provided more flexible sentencing guidelines. Since sentences under the two statutes differed dramatically, the court found the perjured Grand Jury testimony material, even though it did not pertain to an element of the conspiracy charge and the prosecutor was not aware of its falsity at the time of its presentation. *534 Several subsequent decisions have followed Basurto (supra; United States v Goldman, 451 F Supp 518, affd 573 F2d 1297 [2d Cir]; United States v Ciambrone, 601 F2d 612 [2d Cir]; United States v Smith, 552 F2d 257 [8th Cir]; United States v Guillette, 547 F2d 743 [2d Cir], cert denied 434 US 839). However, the more recent decisions have declined to adopt Basurto or any other precise rule.[11]
The Court of Appeals, 1st Circuit (United States v Flaherty, 668 F2d 566, 584), 5th Circuit (United States v Cathey, 591 F2d 268), and the 8th Circuit (United States v Levine, 700 F2d 1176, 1180) have all limited the definition of materiality to false Grand Jury evidence regarding an element of the crime charged in the indictment.
In United States v Udziela (671 F2d 995), the Court of Appeals, 7th Circuit, held that "where perjured testimony supporting an indictment is discovered before trial the government has the option of either voluntarily withdrawing the tainted indictment and seeking a new one * * * or of appearing with defense counsel before the district court for an in camera inspection of the grand jury transcripts for a determination whether other, sufficient evidence exists to support the indictment” (at 1001). This rule emerged after the court attacked the validity of the Basurto rule claiming that Basurto (supra) "misapprehends the limited function of the grand jury” (at 1000), and that errors before the Grand Jury "such as perjured testimony, normally can be corrected at trial” (at 1001; see also, Talamante v Romero, 620 F2d 784 [10th Cir]; cf., State of New Jersey ex rel. Kudisch v Overbeck, 618 F Supp 196, 201-202 [US Dist Ct, D NJ]).
Similarly, in United States v Adamo (742 F2d 927, cert denied sub nom. Freeman v United States, 469 US 1193), the Court of Appeals, 6th Circuit, held that when perjury before the Grand Jury was discovered after indictment but prior to trial, the prosecutor must "weigh the untainted evidence supporting the government’s case and decide if the evidence is such that [it] * * * establishes guilt beyond a reasonable *535 doubt * * * [or] resubmit * * * the [untainted evidence] to [another] grand jury” (at 941). The Sixth Circuit also attacked the Basurto rule (at 940).
Under Adamo (742 F2d 927, supra) and Udziela (671 F2d 995, supra), an indictment cannot be dismissed if the remaining evidence may have led the Grand Jury to indict without considering the false testimony (i.e., it is immaterial). Under Basurto (supra), dismissal is warranted only when the false evidence is material, or stated in the converse; dismissal is not warranted when the false evidence is immaterial. Thus, the test articulated in Adamo (supra) and Udziela (supra) is nothing more than a rearticulation of the Basurto test despite their criticism of Basurto (supra).
The few State cases that discuss the issue of materiality of false Grand Jury testimony differ along the same lines as the Federal cases. Moreover, they are even more difficult to pinpoint since some States have statutory rules regarding the sufficiency and quality of Grand Jury evidence not present under the Federal system (Costello v United States, 350 US 359, supra).
In Commonwealth v Mayfield (398 Mass 615, 500 NE2d 774, supra), the court held that dismissal of the indictment is only warranted if the prosecutor knowingly presented false evidence to the Grand Jury, the false evidence was material, and the defendant can demonstrate probable prejudice in the Grand Jury proceeding (500 NE2d, at 778-779).
In State v Reese (91 NM 76, 79, 570 P2d 614, 617), the New Mexico Court of Appeals held that "defendant has the due process right of not being indicted on the basis of false evidence, known to and uncorrected by the prosecutor, if the false evidence is material to the indictment”[12] (see, State v Doran, 105 NM 300, 731 P2d 1344).
Other cases have held that "dismissal of an indictment is only required when perjured testimony was material to the issue before the grand jury [cite omitted] * * * the usual test for materiality to perjured testimony given before the grand jury requires the court to conclude that the evidence before the grand jury would have been insufficient to sustain an indictment without the perjured testimony” (State v Cruise, Ohio, Feb. 24, 1987; Miller v State, 629 P2d 546 [Alaska]; 2 LaFave and Israel, Criminal Procedure § 15.4 [b], at 308).
*536 Turning to the present case, the false Grand Jury evidence here was relevant to the degree of the crime charged (felony versus misdemeanor). In turn, the degree of the crime charged has sentencing implications.[13] Thus, due to the sentencing disparity between a class D felony (Penal Law § 70.00 [2] [d]) and a class B misdemeanor (Penal Law § 70.15 [2]), the difference is material under United States v Basurto (497 F2d 781 [9th Cir], supra).
Moreover, in the instant case, the materiality of the false evidence and resulting constitutional implications exceed those present in Basurto (supra). Here, the defendant’s 6th Amendment rights to counsel (Scott v Illinois, 440 US 367; Argersinger v Hamlin, 407 US 25; CPL 170.10 [3]; 180.10 [3]) and to trial by jury (Baldwin v New York, 399 US 66; Matter of Morgenthau v Erlbaum, 59 NY2d 143; CPL 360.10 [1]; 340.40) are also affected by the difference in sentencing. Hence, the court finds that the false Grand Jury testimony is material and its introduction violates due process of law under the Federal Constitution.
In addition, our State Constitution guarantees that "[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury” (NY Const, art I, § 6; People v Ford, 62 NY2d 275). It is reasonable to infer that implicit in this constitutional guarantee is the right to an indictment predicated on truthful (reliable) evidence. Further, the presentation of truthful (reliable) evidence is essential to the Grand Jury’s performance of its historical function to act as buffer between the State and its citizens by protecting the latter from unfounded and arbitrary accusations by ensuring that "before an individual may be publicly accused of a crime * * * the State must convince a Grand Jury * * * that there exists sufficient evidence and legal reason to believe the accused guilty” (People v Iannone, 45 NY2d 589, 594). Accordingly, this court finds that the District Attorney’s introduction of material false testimony to the Grand Jury constitutes a violation of defendant’s State constitutional rights.[14]
*537 Even assuming, arguendo, that the presentation of false, material testimony to the Grand Jury is not a violation of defendant’s Federal or State constitutional rights, this court finds that its presentation rendered the Grand Jury proceeding defective. Dismissal of an indictment pursuant to CPL 210.35 (5) requires a showing that "the proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.” As discussed earlier, false Grand Jury testimony regarding an element of the prima facie case is material.[15] Thus, the court finds that the introduction of false, material testimony necessarily impairs the Grand Jury’s integrity.
Before dismissal can be granted under CPL 210.35 (5), the defendant must also satisfy the prejudice prong of the statutory test. The People’s contention that defendant must demonstrate actual prejudice is without merit. Defendant need only show that there exists the possibility of prejudice (People v Percy, 45 AD2d 284, affd 38 NY2d 806 on basis of Per Curiam opn of App Div; People v Di Falco, 44 NY2d 482; People v Sanchez, 125 Misc 2d 394).[16]
Whether the possibility of prejudice exists is determined on a case-by-case basis (People v Calbud, Inc., 49 NY2d 389; People v Sanchez, 125 Misc 2d 394, supra). Here, the Grand Jury would not have been authorized to indict the defendant for the greater crimes charged in the indictment. In order for the Grand Jury to indict, the evidence must be legally sufficient to establish that such person committed such oifense (People v Jennings, 69 NY2d 103; CPL 190.65 [1]). Legally sufficient evidence means competent evidence, if accepted as true, would establish every element of a crime charged and the defendant’s commission of it (People v Haney, 30 NY2d *538 328, supra; CPL 70.10 [1]). Sufficient evidence to sustain a lesser included offense does not constitute legally sufficient evidence to support the greater offense.
Although the Grand Jury cannot dismiss the charge unless there is no evidence to support the crime charged or any other offense (People v Dykes, 86 AD2d 191; CPL 190.75 [1]), it must direct the District Attorney to file a prosecutor’s information if the evidence is sufficient to charge a person with an offense other than a felony (People v Walker, 117 Misc 2d 210; CPL 190.70 [1]). Thus, the defendant would have only been charged by information for a misdemeanor but for the introduction of the false ballistics report.
Finally, the degree of the crime charged substantially impacts upon the defendant’s future rights in the criminal justice system (i.e., plea bargaining, sentencing) (see, People v Valles, 62 NY2d 36, 40, supra [concurring opn of Kaye, J.]).
These factors, viewed cumulatively, indicate the possibility of prejudice to the defendant. The statutory test has been met.
CONCLUSION
The motion to dismiss the indictment is granted. The indictment is dismissed with leave to the District Attorney to resubmit the matter to another Grand Jury.

. In People v Shaffer (66 NY2d 663), the court reduced defendant’s conviction for criminal use of a firearm in the first degree (Penal Law § 265.09 [1]) to criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). By not reducing defendant’s conviction for criminal use of a firearm from the first to the second degree (Penal Law § 265.08 [1]), the court implicated that possession of a firearm and "unlive” ammunition does not constitute a loaded firearm within the meaning of Penal Law § 265.00 (15).

. The fact that the ammunition was subsequently tested and found to be live has no bearing on the court’s decision. Evidence before the Grand Jury must be evaluated at the time of its presentation. To permit a retrospective assessment would undermine the legislative mandate of CPL 190.65 and would open the statute to abuse.

. In People v Jackson (18 NY2d 516 [which was decided prior to the adoption of the CPL]), the court reversed defendant’s conviction for first degree murder due to the insufficiency of the Grand Jury evidence. In response to the prosecutor’s contention that the conviction should be sustained because the Grand Jury evidence was sufficient to support the lesser included offense of assault, the court stated, "[s]uffice it to say that this position is contrary to reason and is at variance with our fundamental concepts of criminal justice” (at 520).

. This court will not discuss the second prong of the test (reasonable view of the evidence) but will instead consider whether there is sufficient evidence to support the lesser included offense.

. In People v Weeden (89 AD2d 814), Fourth Department also held that criminal possession of a weapon in the fourth degree is a lesser included offense of criminal possession of a weapon in the third degree. However, the decision was rendered in 1982 and is therefore overruled by People v Rodriguez (68 NY2d 674) which was decided in 1986.

. In People v Newell (95 AD2d 815), the Appellate Division, Second Department, held that the exception contained in Penal Law § 265.02 (4) was an element of criminal possession of a weapon in the third degree.

. Also see the Report of the New York State Joint Legislative Committee on Firearms and Ammunition, 1964 NY Legis Doc No. 12 (citing from People v Rodriguez, 113 AD2d 337, 339).

. The issue in People v Rodriguez (68 NY2d 674) was whether the place of possession, a laundromat, was also defendant’s place of business. Therefore, the court’s disposition of the case proves that it applied the impossibility test hypothetically. If the court looked to the facts, it would have been required to reduce defendant’s conviction to criminal possession of a weapon in the fourth degree as a matter of law (see, People v Latora, 128 AD2d 807) given that defendant’s actual possession of a gun was undisputed.

. CPL 1.20 states that the definitions therein shall apply to all sections of the CPL unless otherwise specified. The definition of "lesser included offense” is found in subdivision (37) of CPL 1.20, and it is applicable to all other sections. Therefore, it is applicable to the instant motion.

. No hearing was ordered to determine if the District Attorney had any knowledge of the false evidence. The court notes, however, that there is at least one other reported, similar case (People v Horn, NYLJ, Mar. 19, 1987, at 14, col 4). The court has also learned of another similar case before another Justice.

. Many courts claim that the 9th Circuit decisions after United States v Basurto (497 F2d 781), especially United States v Kennedy (564 F2d 1329, cert denied sub nom. Myers v United States, 435 US 944), have eroded the Basurto rule. This is not an accurate statement considering that Basurto represents a case of undisputed perjury committed by a key witness before the Grand Jury. Kennedy (supra), on the other hand, dealt with a prosecutor’s obligation to present exculpatory evidence to the Grand Jury. Therefore, the two rules are reconcilable and not contradictory.

. The court cites United States v Basurto (497 F2d 781 [9th Cir]) as support for its rule.

. Criminal trespass in the first degree (Penal Law § 140.17 [2]) is a class D felony punishable by an indeterminate, minimum sentence of 1 to 3 years and a maximum sentence of 3 to 7 years. Criminal trespass in the third degree (Penal Law § 140.10) is a class B misdemeanor punishable by a definite sentence not to exceed three months.

. In People v Pelchat (62 NY2d 97), the court adopted the United States v Basurto (497 F2d 781) materiality test sub silencio.

. This court considered the holding in People v Valles (62 NY2d 36), but found it inapposite. In People v Valles (supra), the court held that the District Attorney’s failure to instruct the Grand Jury on mitigation defenses does not render the Grand Jury proceeding defective under CPL 210.35 (5). Although the false evidence here also reduces the gravity of the crime charged, it pertains to an element of the District Attorney’s prima facie case and not to a defense in mitigation.

. "As originally drafted, the Criminal Procedure Law required a showing of actual prejudice before an indictment could be dismissed as the result of defective Grand Jury proceedings (see Proposed CPL 110.40, subd a, par [e] [1967]; Pitler, New York Criminal Practice Under CPL, § 8.6, p 161 of 1976 Cumulative Supplement), but as enacted the section requires only the possibility of prejudice” (People v Di Falco, 44 NY2d 482, 487).