■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered January 19, 1983, convicting him of attempted rape in the first degree, sexual abuse in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the

People (see, People v Contes, 60 NY2d 620), there was legally sufficient evidence that the complainant had suffered physical injury during the robbery. The complainant testified that she felt pain in two instances: when the defendant grabbed her neck to restrain her from running away, and when he kicked her as he was fleeing the scene. Moreover, the medical reports indicated that she had suffered bruises and contusions. Finally, she was dragged down a flight of steps face first, as evidenced by her own testimony and the fact that she suffered bruises on her forehead. Taken together, it was reasonable for the jury to have determined that she had suffered substantial pain during the robbery (cf., People v Latora, 128 AD2d 807, lv denied 69 NY2d 952), and the verdict in that respect was not against the weight of the evidence (see, CPL 470.15 [5]).

Although the admission of the People's surrebuttal evidence was error because it was elicited for the sole purpose of impeaching the credibility of the main defense witness with respect to a collateral issue (see, People v Orse, 91 AD2d 1003; People v Allen, 74 AD2d 640; People v Tufano, 69 AD2d 826), that error was harmless due to the overwhelming nature of the evidence (see, People v Crimmins, 36 NY2d 230). The complainant was definite about her identification of the defendant. That identification was based not only upon her lengthy observation of him during the robbery and attempted rape but also upon her observations of him on numerous prior occasions when she and her neighbor were leaving their apartment building in the mornings to go to work. Therefore, her identification was reliable. Moreover, the neighbor was able to corroborate the complainant's identification of the defendant at trial by testifying that she also recognized the defendant from these prior occasions when she encountered him in their apartment building. In addition, the defendant's expert's findings on the issue of whether semen found on the complainant's clothes was from a person with a blood type different from that of the defendant were unreliable and contradicted by the prosecution's expert's findings.

The defendant's contentions concerning the trial court's charge to the jury and the prosecutor's summation have not been preserved for appellate review (CPL 470.05 [2]). In any event, we find these contentions to be entirely without merit.

Finally, the imposition of consecutive sentences for the convictions of attempted rape in the first degree and robbery in the second degree was entirely proper because the attempted rape was not a material element of the robbery offense and since it is apparent that these two offenses consti-

tuted separate acts *(see,* Penal Law § 70.25 [2]). The defendant dragged the complainant down stairs to effectuate his flight from the scene of the robbery and then he decided that he would attempt to violate her sexually when she was subdued and unable to protest. Clearly, these are two separate offenses which were properly punished separately *(see, People v McMillan,* 61 AD2d 800).

The remaining contentions raised by the defendant do not require reversal. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.