■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J., at suppression hearing; Richard Carruthers, J., at jury trial), rendered May 31, 1988, convicting defendant of two counts of criminal possession of a weapon in the third degree and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of imprisonment of six years to life, and order of the same court entered on or about February 1, 1989, which summarily denied defendant's *pro se* motion to vacate the judgment, unanimously affirmed.

Defendant is not entitled to a reversal on the ground that the prosecutor failed to seek a superseding indictment. *(People v Alexander,* 136 AD2d 332.) The first count in the indictment was not supported by sufficient evidence in the Grand Jury only because the bullets that were recovered separately from the weapon were not tested before the indictment was handed up. Nevertheless, the ballistics report that was presented to the Grand Jury makes no pretense that the weapon was tested with the ammunition found in the clip. Also, despite the fact that the trial prosecutor advised counsel that the ammunition from the clip was being tested belatedly, counsel did not move to dismiss the first count of the indictment before trial. *(Compare, e.g., People v Llewelyn,* 136 Misc 2d 525.) By no means can it be said that the prosecutor idly sat by and permitted the trial jury to decide the matter on evidence known to be false. *(People v Pelchat,* 62 NY2d 97, 107.)

The hearing court properly denied defendant's motion to suppress his statement as the tainted fruit of his unlawful arrest. To the contrary, defendant's arrest was supported by probable cause. *(People v Moore,* 32 NY2d 67, 71.) Nor is there merit to defendant's claim that the prosecutor improperly bolstered the credibility of the officer who testified that defendant had admitted possessing the gun. The record demonstrates that the prosecutor's argument was based on the evidence.

Defendant was properly adjudicated a persistent violent felony offender. Neither the 1980 nor 1983 prior conviction "was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States" (CPL 400.15 [7] [b]). *(People v McGrath,* 43 NY2d 803.) We have considered defendant's remaining claims and find them lacking in merit. Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.