■ CHEMICAL BANK, Appellant, v. HAROLD W. SCOTT, Respondent, et al., Defendant.— Order, Supreme Court, New York County, entered May 7, 1974, unanimously reversed, on the law, to the extent appealed from, and the motion of plaintiff-appellant granted dismissing the first counterclaim of defendant-respondent, Harold W. Scott. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Suit is upon a promissory note executed by both the defendants. The counterclaim is for alleged interference with a busi-ness opportunity. Not only is there failure to demonstrate that, absent such interference, the opportunity would have been realized, but it appears that, in any event, the fruits of the opportunity, if realized, would not have inured to the benefit of defendant-respondent, but to the corporation of which he was an officer and stockholder. Concur — Markewich, J. P., Kupferman, Lupiano, Steuer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent. v. PHILLIP GARCIA, Appellant.— Judgment, Supreme Court, New York County, rendered May 22, 1973, convicting defendant, upon a jury verdict, of possession of a weapon as a felony, and sentencing defendant to an indeterminate term of imprisonment not to exceed seven years, unanimously modified, on the law, by reducing the conviction for possession of a weapon as a felony to one for pos-session of a weapon as a misdemeanor and remanding the matter for resentence in accordance therewith; and otherwise affirmed. Scrutiny of the record dis-closes that the People failed to prove that the shotgun shells found in defen-dant's possession could be used to discharge the sawed-off shotgun (also found in his possession) as required by subdivision 2 of section 265.05 of the Penal Law. The shells, introduced as evidence, were merely identified as 12-gauge barrel shot. This is insufficient to determine their quality as "live rounds" which may be used to discharge the firearm. In view of the fact that defen-dant's possession of the sawed-off shotgun was proved beyond a reasonable doubt, a reduction of the conviction under subdivision 2 of section 265.05 of the Penal Law to a conviction under subdivision 3 of section 265.05 of the Penal Law is warranted, the latter subdivision relating to simple possession of a fire-arm. Further, as the procedure mandated by CPL 200.60 was not followed, no basis exists for sustaining defendant's conviction under subdivision 3 of section 265.05 of the Penal Law as a felony. Concur — McGivern, P. J., Markewich, Kupferman, Lupiano and Lane, JJ.