■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VERNON SAULT, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered September 5, 1975, convicting defendant, upon his plea of guilty, of the crime of burglary in the third degree and sentencing him to an indeterminate term of imprisonment not to exceed three years. On March 27, 1975, defendant was indicted by a Chemung County Grand Jury for the crimes of burglary in the second degree (Penal Law, § 140.25, subd 2) and grand larceny in the third degree (Penal Law, § 155.30, subd 1), arising out of an alleged incident on March 8, 1975 wherein certain stereo equipment was stolen from one Herbert Campbell. During the course of his subsequent trial on these charges, defendant was permitted to enter a plea of guilty to the crime of burglary in the third degree (Penal Law, § 140.20) in full satisfaction of the indictment, and he was thereafter convicted and sentenced upon his plea, as noted above. On this appeal, he initially contends that his oral admissions to the police were made in violation of his right to an attorney and/or without a knowing, intelligent and voluntary waiver of his right to remain silent. We disagree. An examination of the transcript of a *Huntley* hearing conducted on May 23, 1975 establishes that, prior to defendant's admissions, he was fully and properly advised of his rights as required by *Miranda v Arizona* (384 US 436) by Officer Stein of the Elmira Police Department and that he was then given a voluntary statement form setting forth these same rights, which he appeared to read and then signed. He further told Officer Stein that he understood his rights and would give him an oral, but not a written, statement about the incident under investigation. In these circumstances, the trial court's refusal to suppress defendant's oral admissions was correct and must be sustained. Defendant's remaining contentions are likewise

without merit. His request for a new attorney was properly denied since it was not made until his trial was already in progress and he was unable to relate to the court any substantial reason why there should be a substitution for the Public Defender *(People v Tebsherany,* 34 AD2d 1045; *People v Dinan,* 15 AD2d 786, affd 11 NY2d 350, mod on other grounds 11 NY2d 1057, cert den 371 US 877). Similarly, no extraordinary circumstances are presented which justify our interference with defendant's sentence *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861), which was in accord with the recommendation of the probation department and well within the statutory limit for a class D felony (Penal Law, § 70.00, subd 2, par [d]). Judgment affirmed. Koreman, P. J., Kane, Main, Herlihy and Reynolds, JJ., concur.