## (January 18, 1977)

■ EVELYN JACKSON, Respondent, et al., Plaintiff, v IDEAL MANAGEMENT CORP., Defendant, and GRINNELL AUTO STORAGE CO., INC., Appellant.—Judgment, Supreme Court, New York County, entered November 25, 1975, in the amount of $20,275, unanimously reversed, on the law and the facts, and a new trial ordered solely on the issue of damages, with $60 costs and disbursements of this appeal to abide the event, unless plaintiff within 20 days after service upon her by defendant-appellant of a copy of this order, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $10,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment as so amended and reduced is affirmed, without costs and without disbursements. From the climatological reports in evidence, it appears that snow had, except for traces, ceased on the day of the accident. Therefore, whether the defendant had notice of the snow on its driveway and an opportunity to clear it off was properly before the jury. In addition, the damages proven in this case did not warrant any verdict in excess of $10,000. Concur—Stevens, P. J., Kupferman, Birns, Lane and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUNELL HENDRICKS, True Name BURNELL HENDRICKS, Appellant.—Judgment, Supreme Court, Bronx County, rendered February 14, 1974, after a nonjury trial, convicting the defendant of the crimes of criminal possession of a dangerous drug in the third degree, reversed, on the law, and the indictment dismissed. The defendant was driving a 1963 Buick Rivera and was stopped by two police officers on motor patrol and asked for his license and registration. The reason given by the police for stopping the defendant was that one of the officers had previously participated in an investigation that had broken a stolen-car ring specializing in 1963 and 1964 Buick Riveras. There was no testimony that the defendant was acting in a suspicious manner or was trying to evade the police, or that the license plate number of this vehicle was reported to the police as belonging to a stolen vehicle. We therefore find that the stop in the instant case was not based on sufficiently specific and articulable facts which would warrant a conclusion that the defendant was either violating the Vehicle and Traffic Law or engaged in criminal activity *(People v Ingle,* 36 NY2d 413), and we have therefore reversed the conviction and dismissed the indictment. Concur—Stevens, P. J., Birns and Lane, JJ.; Kupferman and Nunez, JJ., dissent in the following memorandum: Kupferman and Nunez, JJ. (dissenting). We dissent and would affirm. There was a rational basis for the stop by the police officers, and it was not "gratuitous, arbitrary and without justification or excuse" *(People v Ingle,* 36 NY2d 413, 418).