■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SIMMONS, Appellant.—Judgment, Supreme Court, New York County, ren-

dered November 12, 1974, convicting defendant, upon a jury verdict, of two counts of possession of a weapon as a felony and sentencing him to two concurrent terms of two to four years, modified, on the law, to reverse the conviction and dismiss the first count of possession, and, as so modified, affirmed. While four plainclothes police officers were in a Checker taxicab in the Harlem area of Manhattan investigating reports of men with weapons, they observed defendant exit an apartment building. Upon seeing the four men, defendant turned and ran back into the building. One of the police officers pursued defendant up the stairs. Between the third and fourth floors, the officer noticed the barrel of a shotgun hanging beneath defendant's coat. Upon reaching the roof of the building, defendant threw down the shotgun. Defendant was then arrested; a search of his pockets disclosed a shotgun shell and a set of metal knuckles. Defendant's motion to suppress the physical evidence was denied. On appeal, defendant claims pursuit was unjustified and constituted an unlawful attempt to seize defendant. (Defendant claims he did not go back into the building until the police officers exited the car and identified themselves.) In *People v De Bour* (40 NY2d 210), the court found constitutional the approach of a citizen by police officers when the officers' actions bespoke no violent or forcible apprehension. Whether the approach is constitutional "will hinge on the manner and intensity of the interference, the gravity of the crime involved and the circumstances attending the encounter" (p 219). "The proper analysis in cases of this nature is to examine the predicate for the police action and then determine whether or not that predicate justified the extent of the official intrusion on the individual." *(People v Stewart,* 41 NY2d 65, 66.) The police officers' exiting from the car did not subject defendant to a loss of dignity; the crime sought to be prevented involved men with weapons; and defendant's unprovoked flight was sufficient to arouse the officers' interest. Following defendant into the building was, in these circumstances, justified. Defendant was not arrested or otherwise seized or deprived of his freedom of movement until after the shotgun was discovered. (Cf. *People v Cantor,* 36 NY2d 106.) Assuming *arguendo* that the police pursuit initially was unlawful, *People v Townes* (41 NY2d 97), held that if the weapon was not revealed as a direct result of the unlawful nature of the police conduct, but became visible only because of defendant's independent action, the weapon should not be suppressed. The shotgun was in the plain view of the police officer in the public hall of the apartment house where the police officer had a right to be. It was proven beyond a reasonable doubt that defendant possessed the loaded shotgun and an individual shotgun shell. However, to sustain the charge of possession of a weapon as a felony, the People must prove beyond a reasonable doubt that the ammunition is "live," *(People v Garcia,* 46 AD2d 611). With respect to the four rounds of ammunition in the shotgun, a police officer testified at trial that he examined the shotgun and found it was loaded with four live rounds. The officer had been qualified as an expert witness in firearms and therefore he could testify to his opinion without specifying the data upon which the opinion is based (CPLR 4515). There was no cross-examination of his opinion. However, as there was no testimony that the round of ammunition found in defendant's pocket was live, the conviction for the count relating to the possession of that round of ammunition, which might be used to discharge the firearm, is reversed. Concur— Birns, Silverman and Nunez, JJ.; Kupferman, J. P., and Murphy, J., dissent in the following memorandum: Kupferman, J. P., and Murphy, J. (dissenting). We dissent in part and would reverse *in toto* and dismiss the indictment. Four police officers in plain clothes were cruising the area in a

taxicab investigating a report of a man with a weapon. The defendant was noticed walking out of his own building, and the officers' attention was drawn to him solely because he was the only person in the vicinity at the time. While being observed, the defendant ran back into his building and went down the hall. One of the officers got out of the cab and pursued the defendant up the stairs of the apartment building, and during the pursuit noticed the barrel of a shotgun hanging down beneath the defendant's coat. The officer followed the defendant to the roof where the latter discarded the shotgun and went down the stairs of an adjoining building. There was no reason for the initial police pursuit of the defendant, and therefore the evidence obtained may not be used against the defendant. (See *People v Ingle*, 36 NY2d 413; *People v Townes*, 41 NY2d 97, 101; *People v Hendricks*, 55 AD2d 879.)