■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT THOMAS, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 5, 1974, convicting defendant upon a jury verdict of possession of a weapon as a felony (Penal Law, former § 265.05, subd 2), and sentencing him to a term of two to six years, unanimously modified, on the law, to the extent of reducing the conviction to possession of a weapon as a class A misdemeanor under former subdivision 3 of section 265.05 of the Penal Law, reducing the sentence to one year, and otherwise affirmed. We are in agreement that the judgment should be modified to reduce the conviction from a felony to a misdemeanor. Former subdivision 2 of section 265.05 of the Penal Law provided: "Any person who has in his possession any firearm which is loaded with ammunition, or who has in his possession any firearm and, at the same time, has in his possession a quantity of ammunition which may be used to discharge such firearm is guilty of a class D felony." We have held that to sustain a felony conviction under the former statute, the prosecution must establish beyond a reasonable doubt that the ammunition is "live" (People v Garcia, 46 AD2d 611; People v Simmons, 55 AD2d 879). Defendant was apprehended in possession of a .22 caliber weapon containing .22 caliber long cartridges, the tips of which had been filed down to enable the bullets to fit into the gun. However, no tests were conducted with respect to the long cartridges and there was no proof to find that they were live rounds of ammunition. Officer Friedman, one of the arresting police officers, acknowledged that he had never tested the weapon and conceded that he did not know, as a matter of fact, whether the gun could be fired with the .22 caliber long cartridges. Police Officer Keegan, the ballistics expert, testified that he had tested the pistol with .22 caliber short bullets and found the gun to be operable. He explained that the long bullets were made for a rifle and contained a greater powder charge than the short cartridges. He did not test the weapon with the long cartridges since there was a risk that the gun barrel would blow up because the chamber was not strong enough. When questioned as to whether the weapon was operable with the long cartridges, he responded, "I didn't want to blow it up in my hands, sir. I don't know." He also testified that he had not tested the "shells in any way to see that they were live", although his opinion, based on observation only, was that they were live. We are all agreed that this

evidence was insufficient as a matter of law to prove that the .22 caliber long cartridges recovered from the weapon constituted live rounds of ammunition, a necessary finding to support the felony conviction *(People v Garcia, supra; People v Simmons, supra)*. Justices Bloom and Lupiano have also concluded that the evidence was insufficient to prove that the ammunition could "be used to discharge such firearm" which they regard to be an essential element for a felony conviction under former subdivision 2 of section 265.05 of the Penal Law. Since we are all in agreement that the proof was insufficient to sustain the felony conviction we have directed modification to reduce the conviction from that of a felony to a class A misdemeanor under former subdivision 3 of section 265.05 of the Penal Law and reduced the sentence in conformity with section 70.15 of the Penal Law. We have examined the remaining issues raised by appellant and find them to be lacking in merit. Concur—Fein, J. P., Sullivan, Bloom, Lane and Lupiano, JJ.