■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE A. DANIELS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 29, 1979, upon a verdict convicting defendant of two counts of the crime of criminal possession of a weapon in the third degree. The record reveals that on May 5, 1978 a vehicle with faulty tail lights being operated by defendant was observed by two police officers. These officers testified that they followed the car, put on their red lights and shined a spot light into the rear window of the car; that they observed defendant throw an object in the back of the car; that when they approached the car they observed a gun sticking out of a paper bag in the back seat; and that defendant was then arrested, handcuffed and placed in the police vehicle. On the way to the police station, defendant was read his *Miranda* rights, and when asked if he understood his rights, he replied that he had been arrested before and understood his rights. When then questioned about the gun, he said he would make an oral statement, but not a written one. Defendant thereafter stated that he had bought the gun over a bar in Troy, that he had never fired the gun and that he purchased it for resale purposes. Defendant was subsequently indicted for two counts of criminal possession of a weapon in the third degree and one count of criminal possession of stolen property in the third degree. following plea bargaining negotiations, it was agreed that defendant would plead guilty to the first count of the indictment in full satisfaction of the indictment and would receive a sentence of two to four years as a predicate felon. The County Court thereafter refused to honor the bargain on the ground that it had subsequently come to the court's attention that defendant had an additional felony conviction and, therefore, he might be eligible for persistent felony treatment. Defendant was offered the opportunity to withdraw his plea. He exercised this option and proceeded to trial. Defendant did not testify at trial and was convicted of two counts of criminal possession of a weapon in the third degree, one predicated on a prior conviction admitted by defendant (Penal Law, § 265.02, subd 1), and the other based on possession of a loaded firearm (Penal Law, § 265.02, subd 4). A hearing was held

and defendant was sentenced as a persistent felony offender to an indeterminate term of imprisonment with a minimum term of 15 years and a maximum term of life. This appeal ensued. Initially, defendant contends that the court erred in refusing to execute the plea bargain agreement. Even though not stated by the court at the time the bargain was reached, any "sentence" promise is conditional upon its being lawful and appropriate *(People v Selikoff,* 35 NY2d 227). Defendant was given the reasons why the court was not going to keep the bargain and he was given an opportunity to withdraw his plea. Consequently, no error was committed by the court in this regard *(People v Ransom,* 55 AD2d 980). Concerning defendant's conviction based upon his possession of a loaded firearm (Penal Law, § 265.02, subd 4), it appears from the record that none of the bullets allegedly possessed by defendant were test fired to determine if the ammunition was live. Although an expert witness testified that nothing indicated to him that the bullets in question would not fire if detonated within the weapon defendant allegedly possessed, we conclude that the prosecution failed to establish beyond a reasonable doubt that the ammunition was "live". Accordingly, the conviction on one count of criminal possession of a weapon in the third degree based upon defendant's alleged possession of a loaded firearm must be reversed *(People v Thomas,* 70 AD2d 570; *People v Simmons,* 55 AD2d 879, affd 43 NY2d 806). Prior to trial, a *Sandoval* hearing was held and the court determined that defendant could be cross-examined with respect to six of defendant's seven previous convictions. As to four of those six, we find no abuse of discretion by the trial court and the court's ruling in regard to those four will, therefore, not be reviewed *(People v Duffy,* 36 NY2d 258). The two remaining convictions, however, had occurred some 15 years previously and were so remote in time that they should not have been allowed to be the subject of cross-examination *(People v Sandoval,* 34 NY2d 371, 376). It does not appear to this court, in view of the fact that defendant could be cross-examined as to four other more recent convictions, that he would have chosen to testify at trial if the prosecution were precluded from questioning him with respect to the two remote convictions. Furthermore, upon examination of the entire record, we conclude that there was overwhelming proof of defendant's guilt of the count of criminal possession of a weapon in the third degree predicated on a previous conviction (Penal Law, § 265.02, subd 1). The court's error, therefore, in this regard does not, in our opinion, require reversal (see *People v Shields,* 58 AD2d 94, affd 46 NY2d 764). In instructing the jury, the court erroneously characterized the statements made by defendant following his arrest as a confession. Relying on *People v Greenwaldt* (72 AD2d 836), the defendant argues that such error requires reversal. We disagree. Unlike the situation in *Greenwaldt,* defendant's guilt was proven in the instant case by overwhelming proof. In our view, the trial court's error did not have a substantial effect on the jury's verdict, nor did it deprive defendant of a fair trial, and, consequently, the conviction should not be reversed (see *People v Kingston,* 8 NY2d 384). Contrary to defendant's next contention, we find that his oral admissions following his arrest were not made without a knowing, intelligent and voluntary waiver of his right to remain silent and to have an attorney present *(People v Sault,* 53 AD2d 793). We also reject defendant's argument that, once arrested, he could not waive his right to counsel in the absence of counsel *(People v Mathis,* 77 AD2d 719). In light of our determination that defendant's conviction on one count of criminal possession of a weapon in the third degree must be reversed, and considering that the imposition of a persistent felony offender sentence is discretionary with the sentencing

court, we conclude that, in the exercise of our discretion, the matter must be remitted to the trial court for resentencing on the remaining count. While we disagree with defendant that the Trial Judge abused his discretion in refusing to disqualify himself, since there is to be a remand, we are of the view that the resentencing should be before a different Judge. By this action we do not mean to indicate that the record demonstrates any prejudice or bias on the part of Judge Harris in the conduct of the trial. On the contrary, the record reveals a fair and impartial trial. Considering, however, that the defendant initially entered a plea of guilty before Judge Harris and the Judge refused to execute the plea bargain agreement, believing defendant intentionally withheld information concerning an additional felony conviction, it is our opinion that in the interest of justice a different Judge should resentence the defendant. Accordingly, we need not now consider defendant's contentions concerning the severity of his sentence. We have considered defendant's remaining arguments and find them unpersuasive. Judgment modified, on the law and the facts, by reversing defendant's conviction of one count of criminal possession of a weapon in the third degree based upon his alleged possession of a loaded firearm, sentence imposed thereon vacated and the count of the indictment therefor dismissed, and matter remitted for resentencing before another Judge on the remaining count, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.