■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH LITTLE, Appellant. — Appeal, by permission, from an order of the County Court of Albany County (Clyne, J.), entered April 28, 1981, which denied defendant's application, pursuant to CPL 440.10, to vacate a judgment of conviction. On October 25, 1977, defendant was convicted following a jury trial of the crime of criminal possession of a weapon in the second degree (Penal Law, § 265.03), a class C felony. He was, therefore, sentenced as a predicate felon to an indeterminate term of imprisonment of 7½ to 15 years, and his conviction was affirmed by this court without opinion on May 31, 1979 (70 AD2d 789). A subsequent application by defendant for leave to appeal to the Court of Appeals was denied on August 7, 1979, and on October 30, 1979 defendant, *pro se,* moved pursuant to CPL 440.10 to vacate his conviction. This motion was denied after which defendant, *pro se,* challenged his conviction in a Federal habeas corpus petition which was dismissed on June 3, 1980. With these circumstances prevailing on March 13, 1981, defendant, *pro se,* brought the instant application under CPL 440.10 for an order vacating his judgment of conviction on the grounds that he had been denied his right to effective assistance of counsel on his direct appeal and that the prosecution had failed to prove at trial each and every element of the crime of which he stands convicted. The County Court denied his application, however, and defendant was granted leave to bring the present appeal by Honorable T. Paul Kane, an Associate Justice of this court. The challenged order of the County Court should be affirmed. At defendant's trial detailed testimony was presented on the record concerning an expert's examination of the bullets which constituted a necessary basis for defendant's ultimate conviction, but the ammunition was admittedly never test-fired to establish that it was live. That being so, it would seem that defendant could persuasively argue that the People had not proved beyond a reasonable doubt each and every element of the crime charged based upon this court's later decision in *People v Daniels* (77 AD2d 745) wherein we concluded that the guilt of the defendant therein, in a prosecution involving a loaded firearm, had not been established beyond a reasonable doubt because none of the ammunition allegedly possessed by that defendant had been test-fired to establish that it was live. In our judgment, however, the ruling in *Daniels* should for several reasons be applied only in a prospective manner, and it should not be utilized to overturn earlier convictions, such as that of this defendant, which were obtained prior to the date upon which *Daniels* was handed down. Firstly, in this regard, it should be emphasized that our ruling

in *Daniels* constituted a determination by this court to require more definitive proof of a defendant's guilt, in a prosecution for possession of a loaded firearm, by adopting as a new standard of proof the requirement that ammunition serving as a basis for such a prosecution be test-fired. Most significantly, it should not be inferred from that decision that convictions obtained prior to the adoption of this new standard were somehow tainted because there was no test-firing or that the integrity of the truth-determining process in trials conducted prior to the adoption of the new standard was in any way infected. Additionally, consideration must also be given to the understandable reliance by the People in those earlier trials on the old standard of proof wherein test-firing was not mandated and to the obviously disruptive effect which retroactive application of the new standard would have upon the administration of justice. When all of these factors are considered, it is clear that a retrospective application of the ruling in *Daniels* would be improvident and cannot be justified (cf. *Stovall v Denno,* 388 US 293; see, also, *People v Graham,* 76 AD2d 228, mot for lv to app den 52 NY2d 833). Defendant's remaining contention that he was denied the effective assistance of counsel on his direct appeal must also be rejected. The determination by his counsel on that appeal to raise some issues and not others was a strategy decision, and his failure to raise certain issues does not warrant our finding, on the instant record, that defendant was inadequately or ineffectively represented (cf. *People v Aiken,* 45 NY2d 394). Order affirmed. Mahoney, P. J., Main, Yesawich, Jr., Weiss and Levine, JJ. concur.