■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD KARL BYRNE, Appellant.—Mikoll, J. Appeal, by permission, from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered October 14, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of kidnapping in the second degree and criminal possession of a weapon in the second degree, without a hearing.

Defendant was convicted of the crimes of kidnapping in the second degree and criminal possession of a weapon in the second degree in 1977. In support of his appeal therefrom to this court (66 AD2d 963, 964), his assigned counsel submitted a brief which alleged that the evidence at trial was legally

insufficient to support the conviction and that his confession was improperly received in evidence. Additionally, defendant filed a supplemental brief, which was apparently prepared by another inmate, which alleged that defendant's trial counsel was ineffective, that the jury charge was erroneous and that the admission of certain testimony was in error. This court affirmed the judgment in December 1978, finding that the contentions in the defendant's brief and supplemental brief were without merit *(id.)*.

Defendant subsequently filed a *pro se* notice of motion in County Court on April 12, 1986 seeking an order pursuant to CPL 440.10 (1) (h) to set aside his conviction due to alleged ineffective assistance of counsel at both the trial and the appeal. County Court denied the motion on the ground that this court had already decided the issue. An application for permission to appeal to this court was also denied by order dated June 26, 1986.

Defendant next moved to relitigate the issue of ineffective appellate counsel in County Court. The People opposed the motion and defendant then moved for summary judgment. County Court, in denying summary judgment, held that it could not pass on such issue because it did not assign the counsel, did not see the appellate briefs and did not hear the arguments on appeal. This court then granted motions by defendant for permission to appeal and to proceed as a poor person.

The recent decision of the Court of Appeals in *People v Bachert* (69 NY2d 593, *revg* 121 AD2d 802) held that a CPL 440.10 motion is an inappropriate method for raising a claim of ineffective assistance of appellate counsel and that the proper vehicle to raise such a claim is a motion for a writ of error coram nobis made directly to the appellate court in which the appeal was heard. As a result, we treat defendant's current *pro se* CPL 440.10 motion as a motion for such coram nobis relief and consider it on the merits *(see, People v Bachert,* 133 AD2d 482 [decided herewith]). After considering this issue on its merits, we conclude that reversal on the ground of ineffective assistance of appellate counsel is not warranted and the motion is denied.

It is clear that defendant has a right to appellate counsel *(People v Gonzalez,* 47 NY2d 606, 610) and appellate counsel must provide defendant the " 'full consideration and resolution of the matter' of 'an active advocate in behalf of his client' " *(id.,* quoting *Anders v California,* 386 US 738, 743-

744). "The objective of State and Federal decisions has been to assure that an indigent criminal appellant receives substantially the same assistance of counsel as one who can afford to retain an attorney of his choice" *(People v Gonzalez, supra,* at 610 [citations omitted]). But assigned defense counsel on an appeal does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant *(Jones v Barnes,* 463 US 745, 751) and counsel's determination to raise some issues but not others is a strategy decision which does not automatically warrant a finding that defendant was inadequately or ineffectively represented *(see, People v Little,* 88 AD2d 671, 672). Here, counsel for defendant on his direct appeal raised several issues which provided defendant with the required adequate appellate representation *(see, Jones v Barnes, supra,* at 754).

Appeal converted into a motion for a writ of error coram nobis and motion denied, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.