■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GOMEZ, Appellant.—Judgment of the Supreme Court, New York County (Richard D. Carruthers, J.), rendered on March 2, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, and sentencing him to an indeterminate prison term of from 18 years to life, is unanimously affirmed.

Defendant was allowed to withdraw a negotiated plea of guilty after being advised by the court that it could not keep its sentence promise since the promise was made without knowledge of a prior felony conviction. The defendant now argues that he should have been allowed the opportunity to challenge the constitutionality of the prior conviction before withdrawing his guilty plea. Since defendant did not request such an opportunity at the time he withdrew his plea, this contention is not preserved as a matter of law, and we therefore decline to reach it. Were we to consider it, in the interest of justice, we would find it to be without merit. No precedent exists for allowing the constitutionality of a prior conviction to be challenged before there has been a conviction on the charges pending.

The defendant also argues ineffective assistance of trial

counsel, pointing to numerous instances in which he believes his trial counsel made the wrong decision. For the most part, we do not agree with the defendant that his trial counsel's strategic decisions were imprudent. Even if they were, strategic errors are not enough to justify a finding of ineffective assistance of trial counsel *(People v Byrne,* 133 AD2d 485, 487). The defendant has not shown that his trial counsel's performance was so ineffective that it fell below the standard of meaningful representation at trial *(People v Baldi,* 54 NY2d 137, 147).

We have reviewed the defendant's other arguments and find them to be without merit. Concur—Ross, J. P., Milonas, Wallach and Rubin, JJ.