■ In the Matter of GEORGE L., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Sparrow, J.), dated July 12, 1989, which, upon a fact-finding order of the same court, dated May 12, 1989, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, petit larceny, and criminal mischief in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years. The appeal brings up for review the fact-finding order dated May 12, 1989.

Ordered that the order of disposition is modified, on the law, by vacating the finding as to criminal mischief in the fourth degree and dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree and petit larceny. Moreover, upon the exercise of our factual review

power, we are satisfied that the findings as to those two charges were not against the weight of the evidence (see, CPL 470.15 [5]).

However, we find that the evidence adduced at the fact-finding hearing was insufficient to support a finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree (see, Penal Law § 145.00 [1]). Nevertheless, we find that placement of the appellant on probation for two years is appropriate in light of the other acts which he was found to have committed.

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.