■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT FOWLER, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered July 19, 1990, convicting defendant after a nonjury trial of criminal sale of a controlled substance in the third degree and sentencing him, nunc pro tunc as of April 29, 1989, as a predicate felon, to an indeterminate term of imprisonment of from 9 to 18 years, unanimously affirmed.

Defendant and another individual sold two vials of crack to an undercover police officer on a street corner in lower Manhattan. Counsel presented an agency defense, and after the court found defendant guilty, counsel moved to set aside the verdict on the grounds that the People had failed to disprove the agency defense beyond a reasonable doubt, relying on a recent Second Department case, *People v Matos* (123 AD2d 330). The court granted the motion, based on counsel's argument. Thereafter, this Court reversed the order of the trial court, finding that the evidence was sufficient to refute the agency defense (154 AD2d 272, *lv denied* 74 NY2d 948).

Upon reinstatement of the verdict, and sentencing, defendant now claims that he received ineffective assistance of counsel. The particular deficiencies he cites are more properly the subject of a motion pursuant to CPL 440.10, as they relate to matters outside the record. To the extent that appellate review is possible on the record before us, we discern no deficiency in the level of representation afforded defendant at trial. In particular, counsel's failure to obtain certain police records, or to challenge the validity of the laboratory report, does not evidence ineffectiveness. Counsel did subpoena and receive the most relevant police reports which would bear on the defense, and his choice of trial strategy cannot be second-guessed *(People v Gomez,* 157 AD2d 480, *lv denied* 75 NY2d 966).

We find no merit to defendant's claim that his sentence was excessive. Concur—Sullivan, J. P., Milonas, Wallach and Kassal, JJ.