■ In the Matter of LAVAR D., a Person Alleged to be a Juvenile Delinquent, Appellant. [649 NYS2d 450] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Staton, J.), dated December 27, 1994, which, upon a fact-finding order of the same court (McLeod, J.), dated December 9, 1994, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of attempted criminal possession of a weapon in the second degree, attempted criminal possession of a weapon in the third degree (two counts), attempted criminal possession of a weapon in the fourth degree (two counts), and unlawful possession of weapons by persons under 16, in violation of Penal Law § 265.05, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated December 9, 1994.

Ordered that the order of disposition is modified, on the law, by adding thereto a provision vacating the provision of the fact-finding order that the appellant had committed an act which constituted unlawful possession of weapons by persons

under 16 (Penal Law § 265.05), and dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The nonhearsay allegations in the petition set forth that the appellant was observed by a police officer on a public street, holding a .25 caliber automatic gun in his hand, that the gun had been defaced, and that it contained ammunition. Although the ballistics report annexed to the petition stated that the firearm was inoperable, and did not indicate that the ammunition was live, the nonhearsay allegations in the petition constituted sufficient evidence, " 'if unexplained or uncontradicted' " (*Matter of Jahron S.*, 79 NY2d 632, 639, quoting *People v Potwara*, 44 AD2d 207), to support the finding that the appellant committed an act which, if committed by an adult, would have constituted the five counts of attempted criminal possession of a weapon charged in the petition (*see, People v Saunders*, 85 NY2d 339; *People v Todd*, 153 Misc 2d 579; *see also, People v Sanchez*, 86 NY2d 27).

Since there was no indication in the petition that the ammunition was live, the petition was insufficient with respect to the count charging the appellant with a violation of Penal Law § 265.05 based upon his possession of ammunition (*see, People v Shaffer*, 66 NY2d 663, 664; *People v Daniels*, 77 AD2d 745; *People v Thomas*, 70 AD2d 570). Accordingly, that count is dismissed. However, since the placement of the appellant was appropriate in light of the other relatively more serious acts which he was found to have committed, the order of disposition is otherwise affirmed (*see, Matter of George L.*, 173 AD2d 470). Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.