Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered July 31, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts).
It is hereby ordered that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of criminal possession of a weapon in the third degree under count one of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.
Memorandum: We previously granted defendant’s motion for a writ of error coram nobis (People v Johnson, 43 AD3d 1453 [2007]), and defendant now appeals de novo from the judgment convicting him after a jury trial of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [former (4)]). Defendant failed to preserve for our review his contention that his conviction of that crime under former *1192 subdivision (4) is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). We agree with defendant, however, that the verdict with respect to that count is against the weight of the evidence (see generally People u Bleakley, 69 NY2d 490, 495 [1987]), and we therefore modify the judgment accordingly. A necessary element of criminal possession of a weapon under former subdivision (4) was that the subject firearm was “both operable and loaded with live ammunition” (People v Shaffer, 66 NY2d 663, 664 [1985]). Here, although the firearms examiner testified that he had test-fired the handgun possessed by defendant and found it to be operable, he did not test-fire the single cartridge found in the handgun. Thus, notwithstanding the speculative opinion testimony of the firearms examiner that he “saw no problems” with the cartridge, the jury’s requisite finding beyond a reasonable doubt that the ammunition was live is against the weight of the evidence (see id.; People v Daniels, 77 AD2d 745, 746 [1980]; see generally People v Danielson, 9 NY3d 342, 348-349 [2007]).
In view of our determination, we do not reach the contention of defendant that he was denied effective assistance of counsel based on defense counsel’s failure to seek a trial order of dismissal with respect to that count. Present—Hurlbutt, J.P, Centra, Fahey, Pine and Gorski, JJ.