OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are affirmed.
As defendant raises no issue with respect to his conviction of unlawful possession of marihuana (Penal Law § 221.05), we affirm that judgment of conviction without further comment.
Pursuant to CPL 100.40 (1), an information is sufficient on its face when it substantially conforms to the requirements of CPL 100.15 and its factual allegations (together with any supporting depositions which may accompany it) provide reasonable cause to believe that the defendant committed the offenses *26 charged in the accusatory part of the information, and the non-hearsay allegations of the factual part of the information and/or any supporting depositions establish, if true, every element of the offenses charged and defendant’s commission thereof. The failure to comply with these requirements is a nonwaivable jurisdictional defect (People v Alejandro, 70 NY2d 133 [1987]), with the exception of the nonhearsay requirement, a failure to comply with which is deemed waived absent a pretrial motion (see People v Casey, 95 NY2d 354 [2000]) or upon a guilty plea (People v Keizer, 100 NY2d 114, 122 [2003]). However, the law does not demand that informations employ the most precise words or phrases which most clearly express each thought (People v Zambounis, 251 NY 94 [1929]; People v Shea, 68 Misc 2d 271 [1971]). Accusatory instruments must be given a reasonable, not overly technical, reading and will be upheld so long as they provide the accused notice sufficient to prepare a defense and are adequately detailed to prevent a subsequent retrial for the same offense (People v Konieczny, 2 NY3d 569, 576 [2004]; Casey, 95 NY2d at 360).
Contrary to defendant’s contention, the factual portion of the instrument charging the offense of attempted auto stripping in the third degree (Penal Law §§ 110.00, 165.09) was facially sufficient to allege that offense. A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct that tends to effect the commission of such crime. Under Penal Law § 165.09 (2), a defendant is guilty of auto stripping in the third degree when
“[h]e or she removes or intentionally destroys or defaces any part of an abandoned vehicle, as defined in subdivision one of section one thousand two hundred twenty-four of the vehicle and traffic law, except that it is a defense to such charge that such person was authorized to do so pursuant to law or by permission of the owner.”
The charge was based on the following relevant factual allegations: The arresting officer observed defendant, in possession of burglar’s tools, attempting to remove parts of a dashboard from a vehicle which had no license plates and bore a Department of Sanitation sticker marking it as “derelict,” meaning trash. The foregoing allegations afforded defendant ample notice to prepare a defense and, if proved to be true, sufficiently established that defendant was attempting to remove parts from a vehicle that he believed to be abandoned (see Matter of Lavar D., 232 AD2d 634 [1996]).
*27 Defendant’s claims with respect to the legal sufficiency of the trial proof are not preserved for appellate review (People v Gray, 86 NY2d 10, 19 [1995]; see also People v Santos, 86 NY2d 869, 870 [1995] [preservation rule applies to nonjury trials]). Were we to consider defendant’s claims in the interest of justice, we would find that the circumstantial evidence adduced at trial, viewed in the light most favorable to the People, was legally sufficient to establish defendant’s guilt of the charged offenses (Jackson v Virginia, 443 US 307, 318-319 [1979]; People v Contes, 60 NY2d 620, 621 [1983]).
The proof demonstrated that defendant attempted to commit the crime of auto stripping in the third degree. Defendant’s intent to strip the vehicle could bé inferred from his conduct and the surrounding circumstances (People v Nicholas M., 16 Misc 3d 134[A], 2007 NY Slip Op 51501[U] [App Term, 9th & 10th Jud Dists 2007], citing People v Thomas, 38 AD3d 1134 [2007]). The arresting officer testified that he observed defendant sitting in the front seat of the vehicle trying to remove the dashboard. The arresting officer also recovered tools from the floor of the vehicle and from defendant’s person. The defense witness testified that defendant appeared to be fidgeting in the front seat, and although he did not see defendant remove any parts from the vehicle, defendant’s hands were not visible from where he stood across the street. The defense witness acknowledged that he and a fellow onlooker believed that defendant was attempting to strip the vehicle, and stated that defendant appeared to be uncomfortable, as he was aware that they were watching him. The arresting officer’s observations that the vehicle had no license plates, registration sticker or wheels, and contained no title information, and his discovery, following a VIN number search, that the previous owner had voluntarily surrendered the registration well over six months prior to the incident were sufficient to establish that the vehicle had been abandoned as such term is defined in Vehicle and Traffic Law § 1224 (1) (a).
The evidence adduced at trial was also sufficient to support defendant’s conviction of attempted possession of burglar’s tools (Penal Law §§ 110.00, 140.35). A person is guilty of attempted possession of burglar’s tools when, with the intent to possess burglar’s tools, he tries to possess any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving larceny by a physical taking, and the surrounding circumstances evince an intent to use same in *28 the offense of such character. The arresting officer testified that when he initially approached the vehicle, defendant appeared to be attempting to remove the vehicle’s dashboard. Moreover, the arresting officer recovered from the vehicle and defendant’s person myriad tools which could be used for such a purpose, including a pry bar, pliers, sockets, screwdrivers, a hammer, a wire cutter, a multiple-size Allen key set, a lug wrench, a socket wrench and a socket extender, all of which were entered into evidence. Notably, the defense witness testified that he did not see any of these tools in the vehicle when he observed the vehicle up close prior to defendant’s arrival on the scene.
 While exercising our authority to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we accord great deference to the trial court’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon our review of the record here, we are satisfied that the verdicts of guilt as to the attempted auto stripping and attempted possession of burglar’s tools were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645 [2006]).
Accordingly, the judgments of conviction are affirmed.
Weston, J.E, Rios and Steinhajrdt, JJ., concur.