■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PANNIZZO, Appellant. [13 NYS3d 78]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered August 17, 2012, convicting defendant, after a nonjury trial, of attempted possession of burglar's tools, and sentencing him to a term of 90 days, unanimously reversed, on the law and the facts, and the accusatory instrument dismissed.

A police officer testified that on May 7, 2012, at approximately 1:25 p.m., he and his partner briefly observed defendant riding his bicycle in the wrong direction on a one way street, dipping between two or three cars and stopping to peer into their front driver's side windows. The cars were parked at an angle with their rear tires against the curb. When the officers stopped their vehicle and motioned defendant to come over to them, they noticed an open pouch on the front of his bicycle with tools hanging out of it, including wire cutters, a wrench, three sets of gloves and a screwdriver.

The officer asked defendant, who was fully cooperative and did not attempt to flee, whether he had ever been arrested for robbery, grand larceny or burglary. Defendant admitted that he had two prior burglary convictions, for which he was sentenced to 3 to 6 years and eight years respectively, and that he was currently on parole.

Defendant testified that he used the tools to collect scrap metal, which was a source of his income, and to fix his bicycle. He claimed that on the day in question he was surveying the area as a source of scrap metal, and that he had looked at the cars from the middle of the street to see if there were drivers in them for safety purposes.

"[I]n conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [2007]). The court must determine, viewing the evidence in the light most favorable to the prosecution, whether there is a valid line of reasoning and permissible inferences from which the fact-finder could have found the elements of the crime proved beyond a reasonable doubt (*see People v Steinberg*, 79 NY2d 673, 681-682 [1992]).

"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). "While the statutory formulation of attempt would seem to cover a broad range of conduct—anything 'tend[ing] to effect' a crime—case law requires a closer nexus between defendant's acts and the completed crime" (*People v Acosta*, 80 NY2d 665, 670 [1993]). The accused must engage in conduct that comes "dangerously close" to a completed crime before it can be combined with a criminal intent to constitute an attempted crime (*id.*; *see also People v Naradzay*, 11 NY3d 460, 466 [2008]).

"A person is guilty of attempted possession of burglar's tools

when, with the intent to possess burglar's tools, he tries to possess any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving larceny by a physical taking, and the surrounding circumstances evince an intent to use same in the offense of such character" (*People v Coleman*, 28 Misc 3d 24, 27-28 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; *see* Penal Law §§ 110.00, 140.35).

Although the element of intent may be satisfied by circumstantial evidence (*see People v Borrero*, 26 NY2d 430, 434 [1970]), under the particular circumstances of this case the officer's testimony that he observed defendant, in broad daylight, stopping his bicycle between two or three cars and looking through the driver's side front window, is not, in and of itself, sufficient to support the inference that defendant intended to use the tools to steal any items from the cars. The officer admitted, inter alia, that during the 15 seconds that he observed defendant, he never saw him touch either a tool in the pouch or any of the cars and that the screwdriver set had to be assembled to be usable (*compare People v Coleman*, 28 Misc 3d 24 [2010], *supra* [conviction for attempted possession of burglar's tools not against the weight of the evidence where the arresting officer testified that when he initially approached the vehicle, defendant was in front seat and appeared to be attempting to remove the vehicle's dashboard]). Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.