The People of the State of New York, Respondent, 
against
Luis Pantoja, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ushir Pandit-Durant, J.), rendered April 15, 2016, convicting him, upon his plea of guilty, of possession of burglar's tools, and imposing sentence.




Per Curiam.
Judgment of conviction (Ushir Pandit-Durant, J.), rendered April 15, 2016, reversed, on the law, accusatory instrument dismissed and surcharge, if paid, remitted.
In view of defendant's knowing waiver of the right to be prosecuted by an information, the facial sufficiency of the accusatory instrument must be measured by the standard required of misdemeanor complaints (see People v Dumay, 23 NY3d 518, 524 [2014]). Even when viewed under this more liberal standard, the accusatory instrument was jurisdictionally defective, since it failed to allege "facts of an evidentiary character" (CPL 100.15[3]) demonstrating "reasonable cause" to believe (CPL 100.40[4][b]) that defendant was guilty of possession of burglar's tools (see Penal Law § 140.35). In this regard, the factual portion of the complaint alleges that defendant was observed at 6:05 pm on a specified date, behind 162 East 111 Street, "taking pipes from inside of a building, and then . . . handing those pipes to [his codefendant]"; and that police recovered a "flashlight" and "pipe cutter" from defendant and "a flashlight, two bolt cutters, a pipe wrench and a hammer" from the ground near the co-defendant which the codefendant stated belonged to him. 
The quoted facts, even when taken together with all reasonable inferences which can be drawn from those facts (see People v Jackson, 18 NY3d 738, 747 [2012]), do not give rise to the inference that defendant possessed the subject tools with intent to commit a burglary or similar offense (see People v Holzman, 232 NY 553 [1921]; see also People v Pannizzo, 130 AD3d 467 [2015]). Simply put, no facts are alleged from which it may be inferred that defendant was committing or intended to commit a burglary, that he did not own or have permission to take pipes from the building (see People v Borrero, 26 NY2d 430, 434 [1970]; Matter of Wilson G., 214 AD2d 670, 671 [1995], lv denied 87 NY2d 811 [1996]), or even that he lacked permission or [*2]authority to enter the subject building or the area behind it (see People v Taylor, 190 AD2d 628 [1993], lv denied 81 NY2d 1020 [1993]; People v Foskey, 190 AD2d 638 [1993]). In its present form, the allegations in the underlying accusatory instrument are not "collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely" (CPL § 70.10[2]) that defendant possessed the tools with the unlawful intent proscribed by Penal Law § 140.35 (see People v Borrero, 26 NY2d at 436).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: June 20, 2017