People v Corniel (2024 NY Slip Op 24264)

[*1]

People v Corniel

2024 NY Slip Op 24264

Decided on October 9, 2024

Supreme Court, New York County

Ward, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 9, 2024
Supreme Court, New York County

The People of the State of New York

against
Luis Corniel, Defendant.

Ind. No. 72536/24

Prosecutor:
Alvin L. Bragg, District Attorney
Lauren Brotherton, Assistant District Attorney
One Hogan Place
New York, NY 10013
Defense Counsel:
David Breschel
122 E 42nd Street, Room 2100
New York, NY 10168 
(914) 584-4533

Laura A. Ward, J.

The motion to inspect the grand jury minutes is granted. Upon inspection of the grand jury minutes, the motion to dismiss the indictment or reduce the crimes charged therein is denied.
The defendant contends that Counts 3-10, charging him with Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02[8]) for possessing a "large capacity ammunition feeding device" are legally insufficient, because the People did not adduce evidence of their operability. The defendant points out that the People did not test the magazines for operability, only capacity, and asserts that he kept the magazines as a "souvenir" from his military service. Furthermore, the defendant asserts that—according to his commanding officers—the magazines were only for training purposes and would not function with live ammunition. The defendant cites caselaw holding that other classes of weapons—primarily firearms—must be operational in order for their possession to be criminal. See Defense Motion at ¶¶ 8-11 (citing People v. Longshore, 86 NY2d 851 [1995]; People v. Thomas, 70 AD2d 570 [1st Dep't 1979]; People v. Garcia, 46 AD2d 611 [1st Dep't 1974]). In response, the People contend that the plain language of the statute prohibits the possession of "large capacity ammunition feeding device[s]," without reference to their operability. See People's Response at ¶¶ 6-7.
The Penal Law defines a "large capacity ammunition feeding device" as a magazine, belt, drum, feed strip, or similar device "that has a capacity of, or that can be readily restored or converted to accept, more than ten rounds of ammunition." Penal Law § 265.00(23). The Penal Law excludes devices that are "curio[s] or relic[s]," which are defined as devices that were [*2]manufactured at least 50 years prior to the current date and are only capable of being used in a firearm, rifle, or shotgun that was manufactured at least 50 years prior to the current date. Id. Furthermore, the person in possession of such curio must not be prohibited by state or federal law from possessing a firearm, and the device must be registered with the state police. Id.
There is no case law directly addressing whether Penal Law § 265.02(8) requires the ammunition feeding device to be operational. However, the plain language of the relevant statute indicates that the legislature intended to criminalize ammunition feeding devices that have the capacity to accept more than ten rounds of ammunition—without regard for their operability. In the absence of a clear signal from the legislature, and in light of the various functional differences between magazines and other weapons, such as firearms, this court is bound by the plain language of Penal Law § 265.00(23). Furthermore, despite the defendant's contention that the magazines were a souvenir from his military service, there is no indication that the weapons at issue satisfy Penal Law § 265.00(23)'s definition of "curio or relic." Specifically, there is no evidence that the weapons were at least 50 years old, that they were only capable of being used in a firearm of similar age, or that the weapons were registered with the state police. Accordingly, the evidence presented to the grand jury established a prima facie case of the defendant's commission of the crimes charged in the indictment.
The motion to dismiss the indictment on the grounds that the grand jury proceeding was defective within the meaning of Criminal Procedure Law ("CPL") § 210.35 is denied. The defendant has not supplied the court with any evidence of a defect in the grand jury proceedings nor do the grand jury minutes reflect any such defect. The People's cross-examination of the defendant was proper. The questioning was relevant to the defendant's credibility, specifically as to some of the acts which were the subject of the indictment.
The defendant's request for a Mapp/Dunaway hearing is granted.
The defendant's request for a Payton hearing is granted.
The defendant's request for a hearing as to the voluntariness of any unnoticed statements that the People intend to use on cross-examination, or unnoticed statements made to civilians, is granted.
The motion to preclude statements and identification testimony for which the defendant did not receive notice, which was required to be served pursuant to CPL § 710.30(1), is granted, subject to the "good cause" provision of CPL § 710.30(2).
The People are directed to comply with their obligations pursuant to CPL § 245.
The People's motion pursuant to CPL § 250.20 is granted. The defendant is ordered to comply with the reciprocal discovery requirements set forth in CPL § 250.20.
A hearing on the motion to preclude the People from cross-examining the defendant as to prior convictions and/or bad acts is granted and will be conducted immediately before trial.
The foregoing is the decision and order of the court.
Dated: October 9, 2024
New York, New York
Laura A. Ward
Justice of the Supreme Court